MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ERIC ORMSBY (S.B. #316956)
eormsby@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:     +1 415 984 8700
Facsimile:     +1 415 984 8701

Attorneys for Defendant
TRAVEL GUARD GROUP, INC.; AIG TRAVEL,
INC.; AND NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKA MILLER and JULIANNE CHUANROONG,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRAVEL GUARD GROUP, INC.; AIG TRAVEL, INC.; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                    Defendants. | Case No. 3:21-CV-09751-TLT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PLAINTIFF TAMIKA MILLER'S CLAIMS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  August 8, 2023<br>Time:  2:00 pm<br>Place:  Courtroom 9, 19th Floor<br>Judge:  Hon. Trina Thompson |

1

**NOTICE OF MOTION AND MOTION**

2

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on August 8, 2023, at 2:00 P.M., or as soon thereafter as

4

this matter may be heard before the Honorable Trina L. Thompson, U.S. District Court Judge,

5

U.S. District Court for the Northern District of California, Courtroom 9, 19th Floor, 450 Golden

6

Gate Avenue, San Francisco, California 94102, Defendants Travel Guard Group, Inc., AIG

7

Travel, Inc., and National Union Fire Insurance Company of Pittsburgh, PA will and hereby do

8

move this Court for an order staying the claims of Plaintiff Tamika Miller ("Plaintiff Miller").

9

Defendants' Motion is brought on the grounds that Defendants are entitled to an automatic stay of

10

Plaintiff Miller's claims pending disposition of Defendants' appeal of the Court's Order

11

confirming the Arbitrator's award determining that Plaintiff Miller's claims are not arbitrable.

12

This Motion is based on this Notice of Motion, the following Memorandum of Points and

13

Authorities, along with any reply memorandum, evidence, and argument of counsel submitted at

14

the hearing, and such other matters as the Court may consider.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MOT. TO STAY PENDING APPEAL
3:21-CV-09751-TLT

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      Plaintiff Miller's claims in this action must be stayed pending resolution of Defendants'

3   appeal of the Court's Order Granting Motion to Confirm Arbitration Award (ECF No. 77,

4   "Order").  Pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a), Defendants filed a notice of

5   appeal of that Order with the United States Court of Appeals for the Ninth Circuit on June 27,

6   2023.  Rule 16(a) provides that interlocutory appeals may be taken from district court orders

7   regarding arbitrability, including orders denying a motion to compel arbitration and, relevant

8   here, an order confirming an arbitration award.  9 U.S.C. § 16(a)(1)(C)–(D).  Because Defendants

9   make their appeal under Rule 16(a), the Court must stay all proceedings related to Plaintiff

10  Miller's claims until the Ninth Circuit determines whether her claims should proceed in this Court

11  or be remanded to arbitration.  *Coinbase, Inc. v. Bielski*, 599 U.S. ----, 2023 WL 4138983 (June

12  23, 2023).

13      Following *Coinbase*, district courts are required to automatically stay all proceedings

14  "involved in the appeal" on the issue of a matter's arbitrability, and the Ninth Circuit's precedent

15  in *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (1990), is no longer good law.

16  *Coinbase*, 2023 WL 4138983 at *7.  In *Coinbase*, the defendants, operators of an online platform

17  that sells various cryptocurrencies, moved to compel arbitration against platform users under the

18  terms of their User Agreement, which provided that the parties would resolve disputes under the

19  agreement through binding arbitration.  *Id.* at *2.  After the district court denied defendants'

20  motion to compel arbitration, defendants appealed.  *Id.*  Citing *Britton*, both the district court and

21  the Ninth Circuit declined to enter a stay pending the appeal, and instead required defendants to

22  litigate their case in district court while waiting for the Ninth Circuit to determine whether the

23  case was properly subject to arbitration or the district court's jurisdiction.  *Id.*  The Supreme

24  Court in *Coinbase*, however, found that approach violated the principle, established in *Griggs v.*

25  *Provident Consumer Discount Co.,* 459 U.S. 56 (1982), that an interlocutory appeal "divests the

26  district court of its control over those aspects of the case involved in the appeal," and held that a

27  Rule 16(a) appeal on arbitrability triggers an automatic and mandatory stay of the district court

28

DEFS.' MOT. TO STAY PENDING APPEAL
                                            3:21-CV-09751-TLT

1    proceedings that would be subject to arbitration.  *Id.* at *3 (citing *Griggs*, 459 U.S. at 58).[1]

2    Because Defendants have appealed this Court's order confirming that Plaintiff Miller's claims are

3    not arbitrable, this Court must refrain from exercising jurisdiction while that appeal is pending

4    and stay her claims until the Ninth Circuit determines the proper place they should proceed.

5           Under *Coinbase*, Defendants' appeal entitles them to a stay of Plaintiff Miller's claims

6    because the appeal is an interlocutory appeal under Rule 16(a), and Miller's claims are "involved

7    in the appeal." *Coinbase,* 2023 WL 4138983 at *6–7.  As explained in the *Coinbase* decision,

8    "Section 16(a) creates a rare statutory exception to the usual rule that parties may not appeal

9    before final judgment," and therefore the *Griggs* principle applies with full force.  *Id.* at *3.  And

10   although Defendants' appeal relates to a motion to confirm an arbitration award, whereas the

11   appeal in *Coinbase* related to a motion to compel arbitration, the *Coinbase* opinion makes clear

12   that its holding is not limited to orders denying motions to compel arbitration.  Rather, as

13   articulated by the majority, "[t]he sole question before this Court is whether a district court must

14   stay its proceedings while the interlocutory appeal **on arbitrability** is ongoing."  *Id.* (emphasis

15   added).  Because the Court's order confirmed an arbitrator's award that solely concerned the

16   question of arbitrability, Defendants' interlocutory appeal under Section 16(a) is unquestionably

17   an appeal on arbitrability.

18          The stay should cover all of Miller's claims because that is the set "involved in the

19   appeal." *Coinbase*, 2023 WL 4138983 at *6–7.  When it comes to appeals on arbitrability,

20   generally "the entire case is essentially involved in the appeal" because the subject of the appeal

21   is whether the case itself belongs in arbitration or the district court.  *Id.* (citing *Griggs*, 459 U.S. at

22   58).  Staying entire cases in these instances "reflects common sense" because, as the majority

23   emphasizes, allowing pretrial and trial proceedings to proceed effectively moots the appeal by

24

25   _____

     [1] Although Section 16(a) is silent on the issue of stays, like the Section 16(a) appeal in *Coinbase*,
26   Defendants' appeal warrants a stay here because "Congress need not say anything about a stay"
     when it wants to authorize an interlocutory appeal and to stay the district court proceedings
27   automatically during that appeal.  *Id.*  The *Griggs* principle plainly requires an automatic stay of
     district court proceedings that relate to any aspect of the case involved in the appeal, "absent
28   contrary indications."  *Id.*

DEFS.' MOT. TO STAY PENDING APPEAL
                                                 3:21-CV-09751-TLT

1    subjecting the litigants to the very jurisdiction that may later be found improper.  Here, however,

2    the Court need not go so far as to stay the entire case because the appeal relates only to those

3    claims that are subject to the arbitration agreement: Plaintiff Miller's claims.  Thus, the automatic

4    stay of Plaintiff Miller's claims need not affect the claims asserted by plaintiff Julianne

5    Chuanroong on behalf of the putative class.  *Coinbase*, 2023 WL 4138983 at *4 n.2 ("[T]he

6    district court may still proceed with matters that are not involved in the appeal.").

7           For the foregoing reasons, the Court must enter a stay of Plaintiff Miller's claims pending

8    resolution of Defendants' interlocutory appeal under Rule 16(a).

9

10        Dated:  June 30, 2023

11
                                         MATTHEW D. POWERS
12                                       ERIC ORMSBY
                                         O'MELVENY & MYERS LLP
13

14
                                         By:      */s/ Matthew D. Powers*
15

16                                       Attorneys for Defendants
                                         TRAVEL GUARD GROUP, INC.; AIG
17                                       TRAVEL, INC.; AND NATIONAL UNION
                                         FIRE INSURANCE COMPANY OF
18                                       PITTSBURGH, PA

19

20

21

22

23

24

25

26

27

28

DEFS.' MOT. TO STAY PENDING APPEAL
                                                       3:21-CV-09751-TLT