MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ERIC A. ORMSBY (S.B. #316956)
eormsby@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

*Attorneys for Defendants Travel Guard Group, Inc., AIG Travel, Inc., and National Union Fire Insurance Company of Pittsburgh, PA*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

TAMIKA MILLER and JULIANNE CHUANROONG, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

TRAVEL GUARD GROUP, INC., AIG TRAVEL, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

Defendants.

Case No. 3:21-cv-09751-TLT

**DECLARATION OF ROBERT E. GALLAGHER IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER IN PART THE COURT'S ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL (ECF NO. 130)**

I, Robert Gallagher, declare as follows:

1. I am Senior Vice President & Chief Operating Officer, Head of the Americas, for AIG Travel, Inc. ("AIG Travel"). I have been employed by AIG Travel since 2006, and previously held roles as Chief Operating Officer and Senior Vice President & Chief Marketing Officer. Before that, I held the position of Vice President, Domestic Accident & Health, Leisure Travel for AIG Travel's parent corporation, American International Group, Inc. ("AIG"). I have personal knowledge about the organization and business operations of AIG, AIG Travel, AIG Travel's subsidiary Travel Guard Group, Inc., and AIG's subsidiary National Union Fire Insurance Company of Pittsburgh, PA (collectively, "Defendants"), including the facts set forth herein.

2. As part of my job responsibilities and duties, and based on my background and experience with Defendants, I am familiar with Defendants' travel insurance and assistance services programs. I also am familiar with the types of travel insurance and assistance service-related documents and information that Defendants deem confidential and commercially sensitive business information, the public disclosure of which could cause competitive harm to Defendants.

3. I submit this declaration pursuant to Civil Local Rule 79-5(c) in support of Defendants' Motion to Reconsider in Part the Court's Order Denying Defendants' Motion to Seal (ECF No. 130).

4. I have reviewed the portions of the exhibits that Defendants seek to seal, and I am familiar with their contents from my job at AIG Travel. I explain below the confidential and commercially sensitive nature of these documents.

5. The redacted portions of Plaintiffs' Motion for Class Certification at 4:23-25, 5:14-16, 5:23-24, 6:15-16, and 7:18-21, describe sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that this information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this

information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

6. The redacted portions of the Declaration of Gregory Fanoe in Support of Plaintiffs' Motion for Class Certification at 4:3-4, 7, and 16-22; 6:21-22; 7:9-10, 17-19, 20-22, and 27; 8:1-4, 7-9, 14-15, 18, and 19-21; 9:2, 13, 15-16, and 26-27; 10:1-4, 22, and 25; and 11:5, 17, 21, and 24-25, describe sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

7. Exhibit E to the Declaration of Gregory Fanoe in Support of Plaintiffs' Motion for Class Certification describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this document would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

8. The redacted portions of Ex. 3 to Plaintiffs' Motion for Class Certification, the May 18, 2023 deposition transcript of Robert Gallagher, at 29:15-34:13, 36:13-20, 36:22-25, and 39:9-41:20, describe sensitive, non-public information about Defendants' sales strategies and travel company partners. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to target Defendants' partnerships with key travel vendors. Moreover, it would give competitor companies input into valuable information about how Defendants design their point of sale strategies to be most effective in the highly regulated insurance market, allowing them to use analysis Defendants have completed internally to gain an unfair advantage in designing their own sales strategies to compete with Defendants.

Ex. 3 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

Ex. 3 further describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand Defendants' complex structures

for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about sensitive internal processes that, if exposed publicly, could give competitors and potential business partners alike an unfair advantage when competing or negotiating with Defendants.

Ex. 3 also describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

9. Ex. 4 to Plaintiffs' Motion for Class Certification, the April 27, 2023 deposition transcript of Joseph Tritz, at 16:21-17:12, 46:1-13, 49:24-51:17, 58:15-23, 78:21-81:4, 81:18-83:25, 160:1-161:3, 161:25-163:17, and 166:1-24, describes sensitive, non-public information about Defendants' sales strategies and travel company partners. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to target Defendants' partnerships with key travel vendors. Moreover, it would give competitor companies input into valuable information about how Defendants design their point of sale strategies to be most effective in the highly regulated insurance market, allowing them to use analysis Defendants have completed internally to gain an unfair advantage in designing their own sales strategies to compete with Defendants.

Ex. 4 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

Ex. 4 further describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand Defendants' complex structures for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about internal processes that, if exposed publicly, could give competitors and potential business partners an unfair advantage when competing or negotiating with Defendants.

Ex. 4 also describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants'

position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

10. The redacted portions of Ex. 5 to Plaintiffs' Motion for Class Certification, the April 27, 2023 deposition transcript of Peter Kitt, at 34:17-25, 96:23-99:25, 121:20-124:25, 147:2-5, and 155:3-25, describe sensitive, non-public information about Defendants' sales strategies and travel company partners. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to target Defendants' partnerships with key travel vendors. Moreover, it would give competitor companies input into valuable information about how Defendants design their point of sale strategies to be most effective in the highly regulated insurance market, allowing them to use analysis Defendants have completed internally to gain an unfair advantage in designing their own sales strategies to compete with Defendants.

Ex. 5 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

Ex. 5 further describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to

ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand Defendants' complex structures for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about sensitive internal processes that, if exposed publicly, could give competitors and potential business partners alike an unfair advantage when competing or negotiating with Defendants.

Ex. 5 also describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

11. The redacted portions of Ex. 6 to Plaintiffs' Motion for Class Certification, the May 9, 2023 deposition transcript of James Page, at 100:20-25, 188:19-189:25, 227:1-25, 229:1-18, 234:23-236:25, and 244:16-24, describe sensitive, non-public information about Defendants' sales strategies and travel company partners. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to target Defendants' partnerships with key travel vendors. Moreover, it would give competitor companies input into valuable information about how Defendants design their point of sale strategies to be

most effective in the highly regulated insurance market, allowing them to use analysis Defendants have completed internally to gain an unfair advantage in designing their own sales strategies to compete with Defendants.

Ex. 6 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

Ex. 6 further describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand Defendants' complex structures for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about sensitive internal processes that, if exposed publicly, could give competitors and potential business partners alike an unfair advantage when competing or negotiating with Defendants.

Ex. 6 also describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this

Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

12. The redacted portions of Ex. 14 to Plaintiffs' Motion for Class Certification describe sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

Ex. 14 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair advantage to price their products to compete with Defendants' products.

13. Ex. 15 to Plaintiffs' Motion for Class Certification describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

Ex. 15 also describes sensitive, non-public information about Defendants' market share, expenses, and revenues. This information is not publicly available, and Defendants have taken specific steps to ensure that the information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would cause Defendants competitive harm by permitting competitors to understand highly commercially sensitive information about the nature of Defendants' market share in a highly competitive industry. Moreover, this information would provide competitors detailed information about Defendants' operating costs that would provide them an unfair upper-hand in understanding how to price their products to compete with Defendants' products.

14. Ex. 17 to Plaintiffs' Motion for Class Certification describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand

Defendants' complex structures for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about sensitive internal processes that, if exposed publicly, could give competitors and potential business partners alike an unfair advantage when competing or negotiating with Defendants.

15. The redacted portion of Ex. 19 to Plaintiffs' Motion for Class Certification, Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, at 21:26-22:11, describes sensitive, non-public information about Defendants' internal operations and corporate structure, including Defendants' record-keeping practices for revenue information, program administration agreements, underwriting manuals, and assistance service data. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to understand Defendants' complex structures for decision-making, building, and selling insurance products, making it more difficult for Defendants to compete fairly in the insurance market. Additionally, these documents include information about sensitive internal processes that, if exposed publicly, could give competitors and potential business partners alike an unfair advantage when competing or negotiating with Defendants.

16. The redacted portion of Ex. 20 to Plaintiffs' Motion for Class Certification, Travel Guard Group's Responses and Objections to Plaintiff's Second Set of Interrogatories, at 7:22-27, describes sensitive, non-public information about Defendants' sales strategies and travel company partners. This information is not publicly available, and Defendants have taken specific steps to ensure that the information in this Exhibit is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to target Defendants' partnerships with key travel vendors. Moreover, it would give competitor companies input into valuable information about how Defendants design their point of sale strategies to be most effective in the highly regulated insurance market, allowing them to use analysis Defendants have completed internally

to gain an unfair advantage in designing their own sales strategies to compete with Defendants.

Exhibit 20 also describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that this information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

17. Ex. 25 to Plaintiffs' Motion for Class Certification, describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in the marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that this information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

18. Exhibit 26 to Plaintiffs' Motion for Class Certification describes sensitive, non-public information about Defendants' travel insurance and assistance services product design, including internal evaluations of competitive positioning in a highly regulated insurance

marketplace and details from Defendants' underwriting materials. This information is not publicly available, and Defendants have taken specific steps to ensure that this information is not publicly disclosed or available to Defendants' competitors. Defendants take steps to keep this information confidential because were this information disclosed, it would allow competitors to copy or unfairly compete with Defendants' product designs, which are complex and meticulously designed to compete in a highly regulated market, hampering Defendants' position in the marketplace. Design of Defendants' products is central to Defendants' ability to set themselves apart in the market; if competitors have access to this information, they could use key insights from Defendants' product design to compete in the competitive insurance market.

19. Based on my review of each of these above-listed documents, it is my belief that compelling reasons exist to seal the portions described above which are not outweighed by the public's interest in disclosure. Moreover, Defendants seek to seal only those portions of which disclose confidential and commercially sensitive information, and therefore have taken a narrowly tailored approach to protect the information contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 4, 2023 in New York, New York.

/s/ ______________________

Robert E. Gallagher